# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN BURBRIDGE. § | |
| § | Civil Action No. 4:19-CV-647 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CITIMORTGAGE, INC. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 18, 2020, the report of the Magistrate Judge (Dkt. #44) was entered containing proposed findings of fact and recommendations that Defendants CitiMortgage, Inc.'s Motion for Summary Judgment and Brief in Support (Dkt. #23) be granted. Having received the report of the United States Magistrate Judge, having considered Plaintiffs' Objections (Dkt. #46), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

Plaintiff defaulted on his Loan on the real property located at 1200 Cedar Springs Drive, Allen, Texas 75002 (the "Property") in late 2017 (Dkts. #5; #23 at p. 1; #23-4; #39 at pp. 1–2). Central to consideration of Plaintiff's Objections, Plaintiff following default was offered a Trial Period Plan ("TPP") in December 2018 (Dkt. #23-5), under which he was required to make three monthly payments of $1,293.66 on the first of January, February, and March 2019 (Dkt. #23-5 at p. 6). Plaintiff admittedly did not make monthly payments, instead making weekly payments of $350.00 (Dkts. #36-1 at p. 1; #36-2 at p. 2). Plaintiff alleges he successfully completed the TPP

(Dkt. #36-1 at p. 2; #36-2 at p. 3); Defendant contends otherwise, arguing that Plaintiff failed to timely make the required monthly, lump sum payments as delineated in the TPP (Dkt. #39 at p. 3). Relevant to the instant discussion, the TPP itself states as follows: "You must make your first trial period payment by the first payment due date designated below" (Dkt. #23-5 at p. 6). The due date designated was January 1, 2019 (Dkt. #23-5 at p. 6).

Having considered these facts, on November 18, 2020, the Magistrate Judge recommended the Court grant Defendants' Motion for Summary Judgment (Dkt. #44), specifically finding: (1) Plaintiff's breach of contract claims based upon the TPP fails because the TPP letter does not create a binding contract between the Parties, and further, Plaintiff failed to perform under the TPP (Dkt. #44 at pp. 7–10); (2) Plaintiff's breach of contract claim based upon the Deed of Trust fails because Defendant provided the requisite notices of default, intent to accelerate, and foreclosure (Dkt. #44 at pp. 11–13); (3) Plaintiff's promissory estoppel claim fails because it is barred by the statute of frauds and Plaintiff failed to show detrimental reliance (Dkt. #44 at pp. 13–15); (4) Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim fails for failure to establish that the loan modification application submitted in June 2019 was his first (Dkt. #44 at pp. 15–16); (5) Plaintiff's duty of cooperation/implied covenant of good faith and fair dealing claim fails because the TPP did not create an enforceable contract (Dkt. #44 at pp. 16–17); (6) Plaintiff's Texas Debt Collection Act ("TDCA") claim fails because Defendant showed it complied with the notice requirements, foreclosure is not an act prohibited by the TDCA, and Plaintiff failed to show what misrepresentations Defendant made that led Plaintiff to believe he did not have a mortgage debt or had not defaulted (Dkt. #44 at pp. 17–19); (7) Plaintiff's breach of fiduciary duty claim fails because no special circumstances were established by Plaintiff to show a fiduciary relationship (Dkt. #44 at pp. 20–21); and (8) Plaintiff's Deceptive Trade Practices Act ("DTPA")

claim fails as Plaintiff does not qualify as a consumer under the DTPA (Dkt. #44 at pp. 21–22). The Magistrate Judge further found that Plaintiff was not entitled to injunctive relief or attorneys' fees because none of Plaintiff's claims survived summary judgment (Dkt. #44 at pp. 22–24).

## OBJECTIONS TO REPORT AND RECOMMENDATION

On December 2, 2020, Plaintiff filed Objections to the Report (Dkt. #46). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Each of Plaintiff's objections, save and except his objections to dismissal of his RESPA claim and request for monetary relief and attorneys' fees, are premised upon his assertion that he satisfied the requirements of the TPP and that an enforceable loan modification was created (Dkt. #46).

*Failure to Satisfy the Requirements of the TPP*

Specifically as it relates to the TPP, Plaintiff objects that: (1) he satisfied the TPP as the first payment was made by the end of January; (2) Defendant breached the TPP by not honoring its terms after Plaintiff fulfilled his payment obligations; (3) Plaintiff's claim for promissory estoppel based on the TPP "does satisfy the statute of frauds and could be detrimentally relied upon"; (4) Plaintiff's TDCA claim should survive summary judgment because "Plaintiff did in fact make the TPP [p]ayments pursuant to the guidelines agreed to by the Defendant in the TPP"; and (5) because Plaintiff performed under the TPP, Defendant owed Plaintiff a duty of cooperation that was breached when Defendant attempted to foreclose (Dkt. #46).

Upon consideration, the Court agrees with the Magistrate Judge; the requirements of the TPP were not satisfied here. The TPP expressly calls for the first payment to be made on or before January 1, 2019. No Party argues that Plaintiff made a payment of $1,293.66 on or before the first

of January.  Rather, Plaintiff argues that he had until the end of January to make the first payment (Dkt. #46 at p. 2), as the TPP "contemplated receiving payments after the first day of the month" by inclusion of the language "we must receive each payment in the month in which it is due"(Dkt. #46 at p. 3).  The Court declines to adopt Plaintiff's interpretation of the TPP; such an interpretation would effectively read the requirement that "[y]ou must make your first trial period payment by the first due date designated below" out of the TPP (Dkt. #23-5 at p. 6).  "Texas law requires courts to read contracts as a whole and give meaning to every provision[.]" *Equistar Chemicals L.P. v. Indeck Power Equip. Co.*, No. 4:18-CV-4349, 2020 WL 4746469, at *13 (S.D. Tex. Aug. 17, 2020) (citing *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 626 (5th Cir. 2019)).  And, as the Magistrate Judge noted, where "an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract." *Cruit v. MTGLQ Inv'rs, L.P.*, No. 4:17-CV-483-ALM-CAN, 2019 WL 2070422, at *5 (E.D. Tex. Apr. 9, 2019), *report and recommendation adopted sub nom. Cruit v. MTGLQ Inv'rs, LP*, No. 4:17-CV-483, 2019 WL 3034879 (E.D. Tex. July 9, 2019), *appeal dismissed sub nom. Cruit v. MTGLQ Inv'rs, L.P.*, No. 19-40688, 2019 WL 7858546 (5th Cir. Nov. 25, 2019).  Here, strict compliance with the TPP cannot be found.  By January 1, 2019, Plaintiff, by his own evidence, had paid only $350.00 (Dkt. #36-1).  The Court finds that Plaintiff's objections as to his breach of contract claim is overruled.

The remainder of Plaintiff's objections, apart from his RESPA claim and request for monetary relief and attorneys' fees, discussed below, are similarly premised or reliant on the assertion that Plaintiff complied with the terms of the TPP.  Because the Court has found that Plaintiff failed to comply with the terms of the TPP, the Court overrules each of these objections.

*Plaintiff's RESPA Claim*

Plaintiff contends that his claim under RESPA is not subject to summary judgment, because "[a]t the very least, there is a fact issue which Plaintiff can overcome" (Dkt. #46 at p. 6–7). Plaintiff argues that "Defendant's own evidence demonstrates that Plaintiff submitted Documentation to [Defendant] for consideration of a loan modification" (Dkt. #46 at p. 6). However, Plaintiff once again fails to provide any evidence that such loan modification was pending at the time of the notice of foreclosure, or that such loan modification was his first. The regulations requiring notice of the status of a loan modification application prior to foreclosure under 12 C.F.R. § 1024.41(i) "apply only to a borrower's first loss-mitigation application." *Ortiz-Tejada v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-00387, 2020 WL 1891690, at *3 (S.D. Tex. Feb. 5, 2020) (citing 12 C.F.R. § 1024.41(i)). Indeed, under the regulation: [a] servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application. *See* 12 C.F.R. § 1024.41(i). Plaintiff has provided no competent summary judgment evidence to establish the loan modification referenced by Plaintiff was his first. "[T]he nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Ortiz-Tejada*, 2020 WL 1891690, at *2 (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000))*; see also Reyes v. Plainscapital Bank*, No. 7:20-CV-00015, 2020 WL 6551164, at *5 (S.D. Tex. Nov. 6, 2020) (finding summary judgment proper on plaintiff's RESPA claim)). Here, the current record reflects Plaintiff's previous loss mitigation effort was denied

(Dkts. #23-1 at p. 4; #23-5; #23-6).  As such, Plaintiff's objection as to his RESPA claim is overruled.

*Monetary Relief and Attorneys' Fees*

Plaintiff objects to the Magistrate Judge's recommendation of "dismissal of Plaintiff's claims for monetary relief and attorney fees" (Dkt. #46 at p. 7).  Plaintiff argues that because "as stated above, Plaintiff has pled a viable claim, [he] thus is entitled to monetary relief and attorney fees" (Dkt. #46 at p. 7).  However, as the Court has overruled each of Plaintiff's objections, and hereby adopts the Magistrate Judge's report and recommendation, Plaintiff's final objection is also overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #46), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #44) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #23) is **GRANTED**.  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.
**SIGNED this 11th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE